UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DETROIT INTERNATIONAL BRIDGE COMPANY, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 10-476 (RMC) |
| GOVERNMENT OF CANADA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiffs Detroit International Bridge Company and the Canadian Transit Company have filed a notice of voluntary dismissal dismissing all claims against the Government of Canada, the Federal Highway Administration, Victor Mendez, and Ray Lahood. *See* Notice of Dismissal [Dkt. # 52]. The Government of Canada objects to the notice and has filed a motion to vacate plaintiff's notice of dismissal. *See* Canada's Mot. to Vacate Plaintiffs' Notice of Dismissal ("Mot. to Vacate") [Dkt. # 54]. For the reasons stated herein and those at the hearing on November 30, 2011, the Court will deny Canada's motion.

**I. ANALYSIS**

Rule 41(a)(1)(A) allows a plaintiff to "dismiss an action without court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Unless the notice "states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). However, "if the plaintiff previously dismissed any federal- or-state-court action based on or including the same claim, a notice of dismissal operates as an

adjudication on the merits." *Id.* Plaintiffs filed their Rule 41(a)(1)(A) notice on November 29, 2011. [Dkt. # 52]. Although Canada has filed a motion to dismiss, it has not answered or moved for summary judgment.

Canada concedes that a "wooden reading of the rule" would require dismissal. Mot. to Vacate at 2. Canada, however, has been involved in this litigation for more than 20 months and argues that plaintiff's notice – filed the day before oral argument was to be held on Canada's motion to dismiss – should be vacated. *See id.* pp 2-3. Canada contends that it has "joined issue" with the plaintiffs and that the purposes of Rule 41 would not be served by allowing plaintiffs to dismiss this action voluntarily without prejudice, especially given Canada's status as a foreign sovereign. *See id.* Canada relies on *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953) to support its argument that the issues have been joined and voluntary dismissal is improper. *See id.* p. 2.

*Harvey Aluminum*, however, is both factually distinct and has been rejected by every circuit court that has analyzed it. First, in *Harvey Aluminum*, plaintiff voluntarily dismissed its suit after the district court had held an evidentiary hearing and denied plaintiff's motion for a preliminary injunction. 203 F.2d at 106. The district court determined that plaintiff's chance of success on the merits was "remote, if not completely nil." *Id.* Afterward, plaintiff filed a notice dismissing the action without prejudice. *Id.* The district court "denied" the notice and the Second Circuit affirmed, holding:

> The hearing before Judge Sugarman on the plaintiff's motion for a preliminary injunction required several days of argument and testimony, yielding a record of some 420 pages. Further, the merits of the controversy were squarely raised and the district court in part based its denial of the injunction on its conclusion that the plaintiffs' chance of success on the merits was small. Consequently, although the

2

> voluntary dismissal was attempted before any paper labeled 'answer' or 'motion for summary judgment' was filed, a literal application of Rule 41(a) 1 to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached.

*Id.* at 107-08 (citations omitted). The Second Circuit further held that Rule 41 did not permit dismissal against some, but not all of the defendants. *Id.* at 108.

Unlike *Harvey Aluminum*, Canada has not been engaged "in several days of argument and testimony." Although it has have been involved in the suit for some time, much of that time dealt with the United States' effort to change venue – an argument in which Canada did not assert a position one way or another. *See* Memo Op. [Dkt. #43]. Thus, it is not clear that the issues in this case have already been "joined" like those in *Harvey Aluminum*.

Second, *Harvey Aluminum* has been rejected by every circuit that has considered it. *See American Soccer Co., Inc. v. Score First Enterprises*, 187 F.3d 1108 (9th Cir. 1999)*; Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544 (4th Cir. 1993); *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254-55 (5th Cir. 1973). *See also Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1016-18 (7th Cir. 2002); *Estalco Aluminum Co. v. United States*, 995 F.2d 201, 204 (Fed. Cir. 1993); *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990). In fact, even the Second Circuit, while not overruling the decision, has called *Harvey Aluminum* into doubt. *See Wakefield v. Northern Telecom, Inc.*, 769 F. 109, 114 (2nd Cir. 1985). Thus, the "sounder view and the weight of judicial authority" is to allow a plaintiff to dismiss its claims against all defendants or any defendant at any time before that defendant has filed an answer or motion for summary judgment. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2362 (3d ed. 2011).

## II.  CONCLUSION

There is nothing in the record or the parties' arguments to cause the Court to ignore the language of Rule 41 or the unmistakable weight of judicial authority.  Because Canada has not filed an answer or a motion for summary judgment, plaintiffs are entitled to dismiss their claims against Canada.

A memorializing Order accompanies this Memorandum Opinion.


Date: December 1, 2011                                    /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge