UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| DETROIT INTERNATIONAL BRIDGE COMPANY and THE CANADIAN TRANSIT COMPANY, | Civil Action No. 10-cv-00476 (RMC) |
| | Hon. Rosemary M. Collyer |
| Plaintiffs, | |
| v. | |
| THE GOVERNMENT OF CANADA, | |
| WINDSOR-DETROIT BRIDGE AUTHORITY, | |
| THE UNITED STATES DEPARTMENT OF STATE, *et al.*, | |
| Defendants. | |

_____/

# CANADIAN DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO COMPEL THE PRODUCTION OF ADMINISTRATIVE RECORDS AND FOR DISCOVERY

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii
INTRODUCTION .......................................................................................................................1
ARGUMENT ................................................................................................................................1
CONCLUSION ............................................................................................................................5

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Agrocomplect, AD v. Republic of Iraq*,
   524 F. Supp. 2d 16 (D.D.C. 2007) ............................................................................................ 2

*Arriba Ltd. v. Petroleos Mexicanos*,
   962 F.2d 528 (2d Cir. 1992) ..................................................................................................... 5

*Bastin v. Fed. Nat'l Mortgage Ass'n*,
   104 F.3d 1392 (D.C. Cir. 1997) ................................................................................................ 5

*Butler v. Sukhoi Co.*,
   579 F.3d 1307 (11th Cir. 2009) ................................................................................................ 5

*Crist v. Republic of Turkey*,
   995 F. Supp. 5 (D.D.C. 1998) ............................................................................................... 2, 5

*El-Fadl v. Cent. Bank of Jordan*,
   75 F.3d 668 (D.C. Cir. 1996) .................................................................................................... 3

*Foremost-McKesson, Inc. v. Islamic Republic of Iran*,
   905 F.2d 438 (D.C. Cir. 1990) .................................................................................................. 3

*Gear, Inc. v. L.A. Gear California, Inc.*,
   637 F. Supp. 1323 (S.D.N.Y. 1986) ......................................................................................... 5

*In re Magnetic Audiotape Antitrust Litigation*,
   334 F.3d 204 (2d Cir. 2003) ..................................................................................................... 5

*In re Teligent, Inc.*,
   Nos. 01-12974 (SMB), 03-3577, 2004 WL 724945 (Bankr. S.D.N.Y. Mar. 30, 2004) ............. 5

*Loughlin v. United States*,
   393 F.3d 155 (D.C. Cir. 2004) .................................................................................................. 3

*McKesson Corp. v. Islamic Republic of Iran*,
   138 F.R.D. 1 (D.D.C. 1991) ...................................................................................................... 3

*Mwani v. bin Laden*,
   417 F.3d 1 (D.C. Cir. 2005) .................................................................................................. 2, 5

*R.A. McElmurray v. Consolidated Government of Augusta-Richmond County*,
   501 F.3d 1244 (11th Cir. 2007) ................................................................................................ 2

                                                            Page(s)

*Singh v. S. Asian Soc'y of The George Washington Univ.*,
   No. 06-574, 2007 WL 1521050 (D.D.C. May 21, 2007) ............................................................ 3

## Other Authorities

2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.30 (3d ed. 2013) ....................... 2

## INTRODUCTION

Plaintiffs' renewed motion[1] is their third attempt to obtain jurisdictional discovery from the Canadian Defendants. Their first two attempts were unsuccessful. Yet, despite the fact that nothing has changed in the interim, Plaintiffs simply raise the same issues again, hoping for a different result. But the fact is that jurisdictional discovery against the Canadian Defendants remains both unnecessary and inappropriate. Plaintiffs continue to ignore the well-established rule that a plaintiff is not entitled to jurisdictional discovery when a foreign sovereign files a facial, rather than factual, motion to dismiss under the Foreign Sovereign Immunities Act ("**FSIA**"). The Canadian Defendants' motion to dismiss under FSIA is a facial motion that does not contest any of the jurisdictional facts (although it does contest the legal conclusions) pleaded in Plaintiffs' Third Amended Complaint. Accordingly, Plaintiffs' Motion should be denied.

## ARGUMENT

Plaintiffs claim that they need discovery to "confirm" and "provide further confirmation" of certain allegations and to determine what actions the Canadian Defendants have "planned" or are "engaged in or preparing to engage in" to "promote" or "prepare" the DRIC. (Pls.' Mot. 21–22.) But there is no need for discovery to prove allegations that are already assumed to be true, and Plaintiffs are not entitled to a fishing expedition to identify facts that they did not allege in their three-hundred-seventy-three-paragraph Third Amended Complaint.

Jurisdictional discovery is not necessary in this case because the Canadian Defendants' FSIA motion is a facial motion, not a factual motion.[2] "A 'facial attack' on the complaint

---

[1] Pls.' Renewed Mot. to Compel the Produc. of Admin. Rs. and for Disc., ECF No. 144 (the "**Motion**").

[2] *See* Canadian Defs.' Joint Mot. to Dismiss 7–8, ECF No. 125 ("Thus, for the narrow purpose of this motion, the Canadian Defendants do not contest the underlying facts alleged in the Third

1

requires the court to look at the narrow issue of whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *R.A. McElmurray v. Consolidated Government of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). Because allegations of fact are taken as true, there are no factual issues to resolve in a facial motion, and there is no need for discovery. *E.g.*, *id.* at 1251; *Mwani v. bin Laden*, 417 F.3d 1, 17 (D.C. Cir. 2005); *Agrocomplect, AD v. Republic of Iraq*, 524 F. Supp. 2d 16, 21 (D.D.C. 2007). *See generally* 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.30 (3d ed. 2013) ("On a facial challenge, the plaintiff enjoys safeguards similar to those provided in opposing a Rule 12(b)(6) motion. The court will accept the plaintiff's allegations as true, construing them most favorably to the plaintiff, *and will not look beyond the face of the complaint to determine jurisdiction*." (footnotes omitted; emphasis added)).

In their three attempts to obtain discovery from the Canadian Defendants, Plaintiffs have not cited any case that holds otherwise. There is simply no support for Plaintiffs' request. Unlike in this case, in each of the cases cited by Plaintiffs, jurisdictional facts were contested.[3] *Singh v. S. Asian Soc'y of The George Washington Univ.*, No. 06-574, 2007 WL 1521050, at *4–

---

Amended Complaint, even though some of the allegations border on the outrageous. Rather, for the purpose of this facial motion under FSIA, the Canadian Defendants submit that even if every factual allegation in Plaintiffs' Third Amended Complaint were proven true, this Court would lack jurisdiction over Plaintiffs' claims against the Canadian Defendants as a matter of law."); Canadian Defs.' Opp'n to Pls.' Req. for Jurisdictional Disc. 5–10, ECF No. 116.

[3] Plaintiffs also cite *Crist v. Republic of Turkey*, 995 F. Supp. 5, 12 (D.D.C. 1998), in support of their mistaken position that there is an absolute right in every case to jurisdictional discovery. There is no such absolute right, and *Crist* itself makes that clear. The court in *Crist* **denied** the plaintiffs' request for even limited jurisdictional discovery, explaining that jurisdictional discovery was not appropriate because the plaintiffs could not, as a matter of law, "meet [their jurisdictional] burden without the benefit of jurisdictional discovery," and that "jurisdictional discovery should be permitted 'only to verify allegations of specific facts.'" *Id.* at 13. In *Crist*, as in this case, even "limited discovery pertinent to jurisdiction" would not cure the legal deficiency in the plaintiffs' complaint. *Id.*

5 (D.D.C. May 21, 2007) (allowing jurisdictional discovery where defendant filed a motion to dismiss with an affidavit putting at issue dispositive jurisdictional facts); *Loughlin v. United States*, 393 F.3d 155, 161, 167 (D.C. Cir. 2004) (allowing jurisdictional discovery to resolve a factual dispute necessary to establish jurisdiction on a motion by the sovereign seeking dismissal *or summary judgment*); *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 670, 671, 676 (D.C. Cir. 1996) (allowing jurisdictional discovery where the defendant's motion denied plaintiffs' allegations regarding personal jurisdiction); *McKesson Corp. v. Islamic Republic of Iran*, 138 F.R.D. 1, 2 (D.D.C. 1991) (allowing jurisdictional discovery where jurisdictional allegations were "challenged by the sovereign" (*Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 448 (D.C. Cir. 1990))).[4]

As the Canadian Defendants made clear in their facial motion to dismiss, Plaintiffs' claims against the Canadian Defendants should be dismissed because Plaintiffs have not alleged facts that, even assuming them to be true, establish jurisdiction under FSIA. In particular, although Plaintiffs' pleadings, and now their Motion, are full of allegations of various commercial-like acts, Plaintiffs have not actually based their claims on any of those acts. Plaintiffs continue to try to confuse this straightforward point, but the gravamen of Plaintiffs' claims remains Canada's decision to approve the location of the DRIC in close proximity to the Ambassador Bridge. (Canadian Defs.' Joint Mot. to Dismiss 13–16, ECF No. 125.) That decision—a decision of whether and where to approve an international border crossing—is

---

[4] *McKesson* is distinguishable for another reason. The court in *McKesson* had already determined that Iran was subject to suit under the commercial activity exception of FSIA. In other words, the plaintiff was seeking discovery from a sovereign that was already found to be subject to the court's jurisdiction. *McKesson*, 138 F.R.D. at 2. There has been no such finding with regard to the Canadian Defendants.

3

clearly a sovereign act entitling the Canadian Defendants to immunity from suit under FSIA. (*Id.*) Accordingly, Plaintiffs' claims must be dismissed.

Plaintiffs also have not shown that the sovereign acts of the Canadian Defendants on which Plaintiffs' claims are actually based have a sufficient nexus to the United States to satisfy FSIA. Plaintiffs allege a generic impact in the United States, but they have not carried their burden of *directly* linking that impact to the sovereign acts on which their claims against the Canadian Defendants are based. The acts on which Plaintiffs' claims are based (*i.e.*, Canada's decisions of where to locate the DRIC and how to administer its laws) necessarily occurred and apply only in Canada. (*Id.* at 18–21.) There is no direct link between Canada's sovereign approval of a location for the DRIC and any impact in the United States because the United States has an unavoidable, intervening decision-making role in deciding whether and where to allow construction of an international border crossing with Canada. (*Id.*) Regardless of whether Canada promotes the DRIC, buys land in Michigan, or otherwise prepares to move forward with the DRIC, Canada's acts do not lead inexorably to the effects or harms in the United States alleged by Plaintiffs. (*Id.*) It takes more than a decision by Canada to build an international border crossing with the United States. There is a long chain of intervening events between the sovereign acts on which Plaintiffs' claims are based and any impact in the United States, and there is not a sufficiently direct link for FSIA purposes between the basis of Plaintiffs' claims and an effect in the United States. (*Id.*)

In sum, even if all of Plaintiffs' factual allegations were true, Plaintiffs' claims against the Canadian Defendants would still fail to satisfy FSIA as a matter of law. Plaintiffs need no discovery to show that they can prove the legally insufficient facts in their Third Amended Complaint, and they are not entitled to a fishing expedition to discover facts that they do not

4

even allege.  *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1313–14 (11th Cir. 2009); *Mwani v. Bin Laden*, 417 F.3d 1, 17 (D.C. Cir. 2005); *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (2d Cir. 1992); *Crist v. Republic of Turkey*, 995 F. Supp. 5, 13 (D.D.C. 1998); *Bastin v. Fed. Nat'l Mortgage Ass'n*, 104 F.3d 1392, 1396 (D.C. Cir. 1997); *Gear, Inc. v. L.A. Gear California, Inc.*, 637 F. Supp. 1323, 1328 (S.D.N.Y. 1986); *In re Teligent, Inc.*, Nos. 01–12974 (SMB), 03–3577, 2004 WL 724945, at *6 (Bankr. S.D.N.Y. Mar. 30, 2004) (citing *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 208 (2d Cir. 2003)).

## CONCLUSION

Plaintiffs' repeated requests for jurisdictional discovery are inappropriate attempts to affront the Canadian Defendants' presumptive immunity from suit at a stage of the proceedings where discovery is unnecessary and would be unprecedented.  Accordingly, the Canadian Defendants respectfully request that the Court deny Plaintiffs' Motion.

Dated:  March 21, 2014               */s/ Scott M. Watson*
                                     Scott M. Watson
                                     Douglas A. Dozeman
                                     Eugene E. Smary
                                     WARNER NORCROSS & JUDD LLP
                                     900 Fifth Third Center
                                     111 Lyon Street, N.W.
                                     Grand Rapids, Michigan 49503-2487
                                     616.752.2000
                                     swatson@wnj.com
                                     ddozeman@wnj.com
                                     esmary@wnj.com

                                     *Attorneys for Her Majesty the Queen In Right of Canada and the Windsor-Detroit Bridge Authority*

## CERTIFICATE OF SERVICE

   I hereby certify that on March 21, 2014, I caused the foregoing document to be served upon counsel of record by sending it by electronic means via the Court's electronic case filing system.

                */s/ Scott M. Watson*
                Scott M. Watson