UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| DETROIT INTERNATIONAL BRIDGE COMPANY and THE CANADIAN TRANSIT COMPANY, | Civil Action No. 10-cv-00476 (RMC) |
| | Hon. Rosemary M. Collyer |
| Plaintiffs, | |
| v. | |
| THE GOVERNMENT OF CANADA, | |
| WINDSOR-DETROIT BRIDGE AUTHORITY, | |
| THE UNITED STATES DEPARTMENT OF STATE, *et al.*, | |
| Defendants. | |
| _____/ | |

# FIFTH JOINT STATUS REPORT FOLLOWING STAY

Pursuant to the Court's January 14, 2015, Order (ECF No. 198), Her Majesty the Queen in Right of Canada, the Windsor-Detroit Bridge Authority (jointly, the "**Canadian Defendants**"), the Detroit International Bridge Company ("**DIBC**"), and the Canadian Transit Company ("**CTC**") hereby submit this Fifth Joint Status Report following the Court's stay of proceedings as to the Canadian Defendants pending a final decision in *CTC v. Attorney General of Canada*, No. CV-12-446428, in the Ontario Superior Court of Justice. Plaintiffs and the Canadian Defendants filed their First Joint Status Report Following Stay on March 2, 2015, (ECF No. 203), their Second Joint Status Report Following Stay on September 2, 2015 (ECF No. 221), their Third Joint Status Report Following Stay on March 2, 2016 (ECF No. 235); and their Fourth Joint Status Report Following Stay on September 8, 2016 (ECF No. 285).

Report from Plaintiffs:

The proceeding is still in the documentary discovery phase. Initial documentary productions were delivered by Canada in 2013, and following discussions between the parties relating to the framework for the proceeding and scope of discovery, Canada indicated in February 2015 that it would make further production to CTC and that it was in the process of reviewing the documents for privilege and "Cabinet confidentiality."

Canada's supplementary productions were not delivered until February 9, 2016. In reviewing these supplementary productions, CTC identified a number of deficiencies; most significantly, the fact that Canada had withheld documents on the basis of "Cabinet confidence" without providing a formal certificate certifying those documents as constituting "a confidence of the Queen's Privy Council for Canada" as required by Section 39(1) of the *Canada Evidence Act*. These concerns were communicated to Canada on March 21, 2016. No response was received until June 29, 2016, at which point Canada proposed that documents subject to "Cabinet

1

confidence" could be identified through an informal process without the need for a certificate and that discoveries should proceed in November of that year.

CTC took the position that a formal certificate was required and brought a motion in the summer of 2016 requiring Canada to produce a certificate or otherwise produce its documents prior to examinations for discovery. By Order dated September 27, 2016, Canada was required to provide CTC with a formal certificate under Section 39 with respect to any relevant documents being withheld for "Cabinet confidence" and/or to otherwise produce all relevant documents to CTC in advance of discoveries. At that point, discoveries were adjourned to February 2017, pending Canada's completion of its obligations under the Order.

Some additional documents, presumably determined not to be subject to "Cabinet confidence" during Canada's ongoing review, were produced to CTC in November 2016. In December 2016, Canada advised that the process of obtaining a certificate was taking longer than expected and that it would likely not be delivered until February 2017. The Court further directed that discoveries were again to be adjourned, to be scheduled within 90 days of CTC's receipt of the certificate. On February 17, 2017, counsel for Canada indicated that it had received the certificate and was considering the next steps required. CTC has not yet received a copy of the certificate or any additional productions. Assuming that the certificate is received shortly, further to the Courts direction, examinations for discovery are to be scheduled within 90 days.

Report from Canadian Defendants:

As explained in the Fourth Joint Status Report, the parties were working to reach an agreement on the timing of examinations for discovery and approval of a method and schedule for disclosing confidential documents. The parties were unable to reach an agreement regarding how discovery should proceed with respect to confidential documents. On December 9, 2016, the

court concluded that a formal certificate from the Privy Council Office regarding confidential documents was required, and the court directed the parties to arrange discovery for dates within 90 days of delivery of the certificate. The parties recently received the certificate and will be scheduling discovery in accordance with the court's order.

|  |  |
|---|---|
| Dated: March 2, 2017 | Respectfully submitted,<br><br>/s/ *Scott M. Watson*<br>Scott M. Watson<br>Douglas A. Dozeman<br>Eugene E. Smary<br>WARNER NORCROSS & JUDD LLP<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids, Michigan 49503-2487<br>616.752.2000<br>swatson@wnj.com<br>ddozeman@wnj.com<br>esmary@wnj.com<br><br>*Attorneys for Her Majesty the Queen in Right of Canada and the Windsor-Detroit Bridge Authority*<br><br>AND<br><br>/s/ *Hamish Hume*<br>Hamish P.M. Hume<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Ave. NW<br>Washington, DC 20015<br>(202)-237-2727 (Telephone)<br>(202) 237-6131 (Fax)<br><br>*Attorneys for Plaintiffs Detroit International Bridge Company and Canadian Transit Company* |

15471332